

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# USA v. Clarke

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2713

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Clarke" (2006). *2006 Decisions.* Paper 983.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/983

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2713
_____

UNITED STATES OF AMERICA

v.

ROBERT CLARKE,
also known as JUNIOR BROWN,
also known as TIGER

Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(No. 04-cr-00417-1)
District Judge: Honorable Berle M. Schiller

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2006

Before: MCKEE and GARTH, <u>Circuit</u> Judges, and LIFLAND, <u>District</u> <u>Judge</u>[*]

(Opinion Filed:  June 1, 2006)
_____

OPINION
_____

_____

[*]  The Honorable John C. Lifland, Senior District Judge for the District of New Jersey,
sitting by designation.

Patrick L. Meehan, Esq.
Robert A. Zauzmer, Esq.
David E. Troyer, Esq.
United States Attorney's Office
615 Chestnut Street
Philadelphia, PA 19106

      Counsel for Appellee

Stephen J. Britt, Esq.
Donnelly & Associates P.C.
100 West Elm Street, Suite 101
Conshohocken, PA 19428

      Counsel for Appellant

Garth, <u>Circuit</u> <u>Judge</u>:

Robert Clarke appeals his sentence, contending that the District Court engaged in impermissible judicial fact-finding, contrary to *United States v. Booker*, 543 U.S. 220 (2005), in applying a two-point enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1). We will affirm.[1]

Writing, as we do, only for the benefit of the parties, we recite only those facts essential to decide this appeal. On February 18, 2005, Robert Clarke, a native and citizen of Jamaica, pleaded guilty to a four-count indictment, charging, *inter alia*, conspiracy to traffic in controlled substances and possession of a firearm by an illegal alien.[2] At sentencing, the District Court

---

[1] The District Court had subject matter jurisdiction over this criminal action pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction to review Clarke's sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Our review of the District Court's interpretation and application of the now-advisory guidelines is plenary. *Cf. United States v. Irvin*, 369 F.3d 284, 285 n.2 (3d Cir. 2004).

[2] The indictment, returned by a grand jury in the Eastern District of Pennsylvania, charged (1) conspiracy to distribute and to possess with intent to distribute approximately 80

imposed a two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of firearms in connection with the drug conspiracy. U.S.S.G. § 2D1.1(b)(1) requires courts to increase a defendant's offense level by two levels if a dangerous weapon was possessed by the defendant in the course of a drug trafficking offense. Note (3) of the Commentary to § 2D1.1(b)(1) specifies that the "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

Here, the police had arrested Clarke in his home pursuant to a criminal complaint and arrest warrant, discovering in that location three loaded firearms along with a small quantity of marijuana and drug ledgers. The District Court found that these facts, along with Clarke's guilty plea to the firearm and drug trafficking charges, established the requisite connection between the firearms and the drug trafficking to justify the two-point enhancement. This two-point enhancement, in turn, increased the advisory guideline range from 84-105 months to 100-125 months. As a result, upon consulting the guidelines as required by *Booker*, 543 U.S. at 264, the District Court ultimately imposed a sentence of 121 months imprisonment, 5 years of supervised release, a $1,000 fine, and a $400 special assessment. Clarke thereafter filed a timely appeal.

Clarke argues that the two-point enhancement contravened the Sixth Amendment, inasmuch as he never admitted or conceded that the firearms were possessed in connection with

---

kilograms of marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, also contrary to 21 U.S.C. §§ 841(a)(1) and 846; (3) possession of a firearm affecting interstate commerce by an illegal alien, in violation of 18 U.S.C. § 922(g)(5); and (4) unlawful entry after deportation, contrary to 8 U.S.C. § 1326(a). Two co-defendants – William Jackson and Natasha Blalock – were also charged in the first count of the indictment. Neither co-defendant is involved in this appeal.

drug trafficking.[3]  In so arguing, Clarke relies on *Booker* for the proposition that "any factor which enhances a sentence must be determined by a jury or expressly conceded."  Appellant's Br. at 5.  Clarke, however, misreads *Booker*.  The remedial portion of the *Booker* opinion demonstrates that judicial fact-finding by a preponderance of the evidence standard is unconstitutional only in the context of a *mandatory* sentencing regime.  *United States v. Miller*, 417 F.3d 358, 362-63 (3d Cir. 2005); *United States v. Antonakopoulos*, 399 F.3d 68, 75 (1st Cir. 2005); *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005); *United States v. Dalton*, 409 F.3d 1247, 1252 (10th Cir. 2005).  In other words, the Sixth Amendment is not violated simply because a judge finds sentencing facts under the guidelines; rather, to trigger constitutional error, the judge must do so pursuant to a mandatory guidelines system.  Where, as here, such judicial fact-finding occurs in an advisory guidelines scheme, it raises no Sixth Amendment issues.[4]

* * *

For the foregoing reasons, we will affirm.

---

[3] Appended to the indictment was a "Notice of Additional Factors," which charged, in pertinent part, that Clarke "possessed a dangerous weapon . . . as described in U.S.S.G. § 2D1.1(b)(1).  However, Clarke never conceded the allegations in the "Notice of Additional Factors" appended to the indictment.

[4] We note that Clarke limits his appeal to the legality of judicial fact-finding in a post-*Booker* world.  Because he does not challenge the reasonableness or the factual basis of the two-level enhancement, we express no opinion on the matter.

-4-